# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

ASHLEY MARIE ANN PETERSON,

           Plaintiff,

                                    **COMPLAINT**

v.

VANDERHEYDEN LAW OFFICE, P.A.,     **JURY TRIAL DEMANDED**

           Defendant.

---

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Ashley Marie Ann Peterson (hereinafter "Plaintiff"), is a natural person residing in the County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Vanderheyden Law Office, P.A. (hereinafter "Defendant"), is a "debt collector," as defined by § 1692a(6) of the FDCPA, as it uses any

instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, operating from an address of 302 Elton Hills Drive Northwest, Suite 300, Rochester, Minnesota, 55903.

## FACTUAL SUMMARY

6.  Sometime prior to July 21, 2016, Ashley M. Peterson ("Ms. Peterson") an individual who shares a name with Plaintiff, allegedly incurred a debt with HSBC Bank Nevada, N.A., a non-party in the instant case.

7.  Upon information and belief, the debt was primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8.  Sometime prior to July 21, 2016, the debt was transferred to LVNV Funding, LLC ("LVNV"), a non-party in the current case. LVNV retained Defendant to collect the debt.

9.  On July 21, 2016, LVNV filed suit against Ms. Peterson in Conciliation Court in St. Louis County to collect on the debt, case number 69DU-CO-16-654.

10.  On September 16, 2016, a Judgment was entered in the abovementioned case.

11.  On or about August 22, 2019, Plaintiff received a letter from Defendant, stating that she owed $3,586.99 to LVNV Funding LLC.

12. On or about September 27, 2019, Plaintiff received a Garnishment Exemption Form and Notice of Intent to Garnish from Defendant.

13. On or about October 10, 2019, Defendant sent to ABM Industries Incorporated, Plaintiff's employer, a Garnishment Earnings Disclosure and Earnings Disclosure Worksheet.

14. To date, Defendant has garnished more than $900 of Plaintiff's wages.

15. As a result of Defendant's garnishment activities, garnishment fees were also paid out of Plaintiff's wages.

16. By sending letters to Plaintiff claiming that her wages would be garnished due to a debt that she did not owe, Defendant engaged in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff, in violation of 15 U.S.C. § 1692d.

17. By sending letters to Plaintiff claiming that her wages would be garnished due to a debt that she did not owe, Defendant used false, deceptive, and misleading representations in connection with debt collection, in violation of 15 U.S.C. § 1692e.

18. By sending letters to Plaintiff claiming that she owed a debt which she did not in fact owe, Defendant misrepresented the character, amount, and legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2).

19. By sending letters to Plaintiff threatening to garnish her wages because of a debt that she did not owe, Defendant threatened to take action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5).

20.    By sending letters to Plaintiff claiming that she owed a debt which she did not in fact owe, and threatening garnishment based on that alleged debt, Defendant used a false representation and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

21.    By sending letters to Plaintiff claiming that she owed a debt which she did not in fact owe, Defendant used an unfair and unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f.

## DAMAGES

22.    Defendant infringed upon Plaintiff's rights proscribed by Congress to not be subject to abusive, illegal and unfair debt collection practices.

23.    Defendant's actions have cost Plaintiff more than nine hundred (900) dollars.

24.    Defendant caused Plaintiff to expend time and resources to hire an attorney to defend herself and vindicate her rights.

25.    Defendant caused Plaintiff emotional distress and embarrassment. Defendant's actions have had a negative impact on Plaintiff's job.

26.    The conduct of Defendants constitutes numerous violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f.

## RESPONDEAT SUPERIOR LIABILITY

27.    The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further

described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

28. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

29. By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal, Defendant.

30. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## STANDING

31. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

    a. a valid injury in fact;

    b. which is traceable to the conduct of Defendant;

    c. and is likely to be redressed by a favorable judicial decision.

    *See Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016), and *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

32. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must

clearly allege facts demonstrating all three prongs above.

*The "Injury in Fact" Prong*

33. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo. Id.*

34. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. In the present case, Defendant engaged in violative deceptive and harassing conduct under the FDCPA. Such conduct and attempts to collect a debt are an invasion of Plaintiff's privacy, and caused emotional distress and economic damages to Plaintiff.

35. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548. In the instant case, Plaintiff personally suffered emotional distress and economic damages.

*The "Traceable to the Conduct of Defendant" Prong*

36. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that Plaintiff's injury is traceable to the conduct of Defendant.

37. In the instant case, this prong is met simply by the facts that the violative conduct contemplated in this Complaint was initiated by Defendant directly, or by Defendant's agent at the direction of Defendant.

*The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong*

38. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

39. In the present case, Plaintiff's Prayers for Relief include a request for statutory and actual damages. The damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.

40. Furthermore, the award of monetary damages redress the injuries of the past, and prevent further injury by Defendant in the future.

41. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), Plaintiff has standing to sue Defendant on the stated claims.

## TRIAL BY JURY

42. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and

every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

45.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

- Ordering Defendant to cease collection activities against Plaintiff;

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

- For such other and further relief as may be just and proper.

Respectfully submitted,

Dated: ___03/05/20_____          By: ___s/Mark L. Vavreck_____
                                      Mark L. Vavreck, Esq.
                                      Attorney I.D. #: 0318619
                                      GONKO & VAVRECK PLLC
                                      Designers Guild Building
                                      401 North Third Street, Suite 600
                                      Minneapolis, MN 55401
                                      Telephone: (612) 659-9500
                                      Facsimile: (612) 659-9220
                                      Email: mvavreck@cgmvlaw.com

                                      ATTORNEYS FOR PLAINTIFF

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA    )
                      ) ss
COUNTY OF _HENNEPIN_   )

I, Ashley Marie Ann Peterson, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendants, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to Defendants named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Ashley Peterson

Subscribed and sworn to before me
this 19 day of February 2020.

Notary Public

SUSAN JANE HESSE-ALMENDINGER
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31 2024

10